# EXHIBIT "Q"

## LETTER IN RESPONSE TO FAX REQUESTING DR. CROWE'S IN-PERSON INTERVIEW DATED JUNE 9, 2016

# MOORE INGRAM JOHNSON & STEELE

A LIMITED LIABILITY PARTNERSHIP
WWW.MIJS.COM

| | | | |
|---|---|---|---|
| **MARIETTA, GEORGIA**<br>EMERSON OVERLOOK<br>326 ROSWELL ST, STE 100<br>MARIETTA, GEORGIA 30060<br>TELEPHONE (770) 429-1499 | **KNOXVILLE, TENNESSEE**<br>408 N. CEDAR BLUFF RD<br>STE 500<br>KNOXVILLE, TENNESSEE 37923<br>TELEPHONE (865) 692-9039 | **JACKSONVILLE, FLORIDA**<br>10201 CENTURION PARKWAY N<br>STE 401<br>JACKSONVILLE, FLORIDA 32256<br>TELEPHONE (904) 428-1465 | **BRENTWOOD, TENNESSEE**<br>5200 MARYLAND WAY<br>STE 301<br>BRENTWOOD, TENNESSEE 37027<br>TELEPHONE (615) 425-7347 |
| **LEXINGTON, KENTUCKY**<br>2333 ALEXANDRIA DRIVE<br>LEXINGTON, KENTUCKY 40504<br>TELEPHONE (502) 410-6021 | **CHARLESTON, SOUTH CAROLINA**<br>885 ISLAND PARK DR • STE B<br>CHARLESTON, SOUTH CAROLINA 29492<br>TELEPHONE (843) 302-0002 | **ORLANDO, FLORIDA**<br>7380 W. SAND LAKE RD • STE 500<br>ORLANDO, FLORIDA 32819<br>TELEPHONE (407) 367-6233 | |

June 9, 2016

Ms. Thuy Luu [Employee #0445090]
Internal Revenue Service
9350 Flair Drive
El Monte, CA 91731

    Re:    <u>Michael J. Crowe, M.D.</u>
           Tax ID Number: ▇▇▇▇▇▇
           Tax Period: 2012-2014

           <u>Julie W. Crowe</u>
           Tax ID Number: ▇▇▇▇▇▇
           Tax Period: 2012-2014

Dear Ms. Luu,

    On behalf of our clients, the above-referenced Taxpayers, this letter serves as response to Ms. Thuy Luu's fax dated June 8, 2016 requesting an in-person interview with Dr. Crowe. As previously stated the Taxpayers agree to hold a phone interview in order to assist the IRS in obtaining all relevant information. However, the Taxpayers deny the request to hold an in-person interview with Dr. Crowe based on the following objections:

1. Ms. Thuy Luu assured the Taxpayers prior to the extensive August 28, 2015 phone interview with Dr. Trey Truett, the principal partner of Dr. Crowe, that an interview with Dr. Truett alone would be sufficient to gather the necessary information regarding the examination, specifically stating that it was not necessary that Dr. Crowe participate in an in-person or a phone interview.

2. Ms. Thuy Luu has provided no reasonable explanation as to why an in-person interview is now necessary to effectively gather information from Dr. Crowe when in all 4 client interviews of MIJS clients regarding similarly situated captive owner taxpayers conducted by the IRS, a phone interview has been sufficient. In fact, Ms. Thuy Luu herself has conducted 3 other interviews of similarly situated captive owner taxpayer clients of MIJS and in each other instance the interview was conducted over the phone and not in person. Further, even after Ms. Thuy Luu's initial request for an in-person interview with Dr. Crowe, a phone interview with a similarly situated

MOORE INGRAM JOHNSON & STEELE

captive owner taxpayer was scheduled, and yet another phone interview was scheduled and held. Neither prior to nor during that phone interview, held after Ms. Thuy Luu's request for Dr. Crowe to hold an in-person interview, did Ms. Thuy Luu, Ms. Gloria Acosta, or IRS District Counsel, all present on the call, make any objection to the phone interview or provide any indication that an in-person interview was required. Yet, inexplicably, Ms. Thuy Luu proposes that in Dr. Crowe's case a phone interview is not sufficient to effectively gather information when in every other case Ms. Thuy Luu herself, as well as other IRS agents in other cases, have deemed phone interviews sufficient to gather the necessary information to complete the examination.

3. Further adding to the Taxpayers' confusion as to why a phone interview is not sufficient in this instance is the fact that the IRS representative proposing to physically appear before Dr. Crowe will not actually be conducting the interview. Instead, Ms. Thuy Luu proposes to conduct a phone interview from California while Ms. Gloria Acosta attends the phone conference from the same location as Dr. Crowe. Again, Ms. Thuy Luu has yet to provide any reasonable explanation as to why the physical presence of an IRS representative in the same room as Dr. Crowe, while a different IRS representative conducts a phone interview from a remote location, is necessary in order to efficiently gather information.

4. Additionally, Dr. Crowe's principal partner at Owensboro Dermatology Associates, Dr. Trey Truett, was recently diagnosed with prostate cancer as well as cholangiocarcinoma, a cancer of the bile ducts, for which he is in the process of undergoing a series of surgeries. Not only is Dr. Crowe emotionally and spiritually distraught by these diagnoses of his business partner and close friend, but Dr. Crowe anticipates his medical practice will experience a devastating loss and Dr. Crowe will experience a significant increase in an already extremely demanding workload resulting from Dr. Truett's absence. Due to the current state of Dr. Crowe's medical practice, it would be overly burdensome to demand that Dr. Crowe drive to an IRS office or accommodate an IRS representative at his medical practice for an extensive interview.

5. Dr. Crowe has been extremely cooperative throughout this examination process in providing all non-privileged information and documentation requested through numerous extensive IDRs and summonses. Every piece of non-privileged information or documentation requested by the IRS has been timely provided in an organized manner, as stated by Ms. Thuy Luu herself. No request has been made to conduct an on-site review of any documentation as all information and documentation has been previously provided. Further, Dr. Crowe has attempted to continue to assist

## MOORE INGRAM JOHNSON & STEELE

Ms. Thuy Luu in her examination by proposing dates for a phone interview in order to provide any remaining information. However, despite Dr. Crowe's efforts to accommodate Ms. Thuy Luu in gathering additional information, Ms. Thuy Luu has denied Dr. Crowe's request to schedule a phone interview and insists on an in-person interview. No requests have been made for an in-person interview for the purpose of reviewing onsite documentation; instead Ms. Thuy Luu has requested an in-person interview to secure an IRS presence in the room with Dr. Crowe while Ms. Thuy Luu conducts a phone interview from another location.

6. Based on the above facts, the request for an in-person interview appears to be a blatant attempt to intimidate and harass the Taxpayers. No reasonable explanation has been provided to suggest that an in-person interview with Dr. Crowe is necessary to effectively gather information in this instance when in all other cases handled by Ms. Thuy Luu herself, and other IRS agents, a phone interview was sufficient. Further, no reasonable explanation has been provided to suggest that an IRS representative's physical presence in the room with Dr. Crowe, while another IRS agent conducts a phone interview, serves any meaningful purpose in furtherance of effective information gathering. The lack of reasonable justification for the inconsistent treatment in Dr. Crowe's case demonstrates the clear attempt by the IRS to intimidate the Taxpayers and bully them into incurring additional unnecessary expenses prior to issuing a Statutory Notice of Deficiency.

As the Taxpayers' legal representatives we cannot sit idle while the Federal government blatantly attempts to violate the Taxpayers' rights. Accordingly, on behalf of the Taxpayers, the undersigned will vigorously oppose any enforcement of a summons request for an in-person interview with Dr. Crowe.

Respectfully,

MOORE INGRAM JOHNSON & STEELE, LLP

Matthew J. Howard

MOORE INGRAM JOHNSON & STEELE, LLP

Kenneth D. Hall