# EXHIBIT "R"

## LETTER FROM DOJ DATED JULY 18, 2016

**U.S. Department of Justice**

*United States Attorney*
*Western District of Kentucky*

JEK/JRCM/wp

717 West Broadway
Louisville, KY 40202
Website: www.justice.gov/usao/kyw

Phone: 502-582-5911
Fax: 502-582-5097

July 18, 2016

Owensboro Dermatology Associates, PSC
Attn: Dr. Michael J. Crowe
2821 New Hartford Road
Owensboro, KY 42303

**Re: Request for Tax Information**

Dear Dr. Crowe:

We have been informed by the Department of the Treasury, Internal Revenue Service ("IRS") that Owensboro Dermatology Associates, PSC did not comply with the administrative summonses served upon them and requiring them to give testimony and produce documents in accordance with the attached IRS administrative summons.

Please be advised that we are preparing to file a petition in U.S. District Court to enforce the compliance of Owensboro Dermatology Associates, PSC with the IRS administrative summonses. In the event this is necessary, the United States may request, in addition to enforcement of the summonses, a judgment for its costs and attorney fees. To avoid these legal proceedings, please call this office by no later than **August 18, 2016** to let us know if Owensboro Dermatology Associates, PSC intends to comply with the IRS administrative summons.

If you have any questions about this matter, please call me at 502/779-2765.

Sincerely,

JOHN E. KUHN, JR.
United States Attorney

Jessica R. C. Malloy
Assistant United States Attorney

cc: Thuy Luu, Revenue Officer
IRS, Chief Counsel's Office

**ATTACHMENT A**
**Summons Issued to Owensboro Dermatology Associates, P.S.C.**
**at 2821 New Hartford Road, Owensboro, Kentucky 42303**
**INSTRUCTIONS**

In responding to this Summons ("Summons"), you are required to make a diligent search of your records and documents (as defined below) that are in your possession, custody or control. This includes documents in the possession of attorneys, accountants, affiliates, advisors, representatives, or other persons directly or indirectly employed by you, hired by you, or connected with you or your representatives, and anyone else otherwise subject to your control. This also includes all records and documents created and/or maintained in the course of employment (at any business or other location) by any employee, officer, director, shareholder, partner, consultant, senior manager, manager, senior or staff employee and/or independent contractor of Taxpayer (as defined below). This further includes all documents and records used exclusively for Taxpayer's in-house consideration and discussion(s) of Captive Insurance (as defined below). Any use of the singular includes the plural and vice versa.

Each Summons Request should be separately answered. If a document is responsive to more than one request you need not provide it in response to each request if you supply a complete and legible copy in response to the first request to which the document is responsive, and in response to each subsequent request to which the document is responsive provide a description of the document and specify the request in response to which the document has been provided. However, if a document has any change, notation, and/or modification, you are required to produce it. Each non-identical copy is a separate "document." In addition, you are required to produce generic documents.

If you are unable to locate documents or records, then state with specificity the efforts made to locate the documents or records and the reason(s) such documents or records are unavailable. If the requested records or documents do not exist, so state. If the requested records or documents exist, but are not available to you, state where such documents are located and provide the name, current address, and telephone number of the custodian. If you have disposed of any responsive document, state when such document was disposed of, the reason for such disposition, and the identity of the person(s) that may have possession of a copy of such document.

If a privilege is being claimed with respect to any requested document or information, state with specificity the nature of the privilege and the extent of all allegedly privileged matters. If you object to producing only part of a document, provide us with a redacted copy and retain the original for review by a court (the part to which you object and produce the remainder). With respect to each allegedly privileged document, or portion of a document, provide the following:

1. The date appearing on such document or, if it has no date, the date or approximate date that such document was created;

2. The identity or descriptive code number, file number, title, or label of such document used by the custodian of the document to identify it for retrieval, plus the number of pages in the document;

3. The general nature and description of such document and the identity of the person who signed such document and, if it was not signed, the response shall so state and give the identity of the person(s) who prepared it;

4. The identity of the person to whom such document was addressed and the identity of each person other than such addressee to whom such document, or a copy thereof was given or sent at any time;

5. The identity, if known, of the person having or who may have present possession, custody, or control of such document or a copy thereof;

6. Whether or not any draft, copy, or reproduction of such document contains any postscripts, notation, change, or addendum not appearing on the document itself and, if so, the response shall give the description of each such draft, copy or reproduction; and

7. The privilege claimed.

If you believe you have already provided any of the documents requested in this Summons, please indicate this in your response. In addition, please provide the date you provided the documents, a description of the documents that you believe contains the information that is responsive to the request, and the Bates number(s) (if applicable) of the documents previously provided.

**ATTACHMENT A**
**Summons Issued to Owensboro Dermatology Associates, P.S.C.**
**at 2821 New Hartford Road, Owensboro, Kentucky 42303**
**DEFINITIONS**

The following definitions apply to this Summons:

1. For the purpose of this request, the words "documents," "records" or "date" refer to any materials of any kind that are written, printed, typed, reproduced graphically, visually, aurally, electronically, or by any other means, including but not limited to:

i. Contracts, agreements, plans, papers, summaries, opinions, reports, commentaries, communications, correspondence, memoranda, minutes, notes, comments, messages, studies, graphs, diagrams, photographs, charts, projections,

  tabulations, analyses, questionnaires and responses, work papers, data sheets, statistical or informational accumulations, computer databases, computer disks and formats, data processing cards or worksheets, telexes, telegrams, teletypes, cables, facsimiles, instant messages, voice mail, and similar and related documents, data, and materials;

 ii. Video and/or audio tapes, cassettes, films, microfilm, video files, sound files, and all other information stored or processed by means of data processing equipment and capable of being retrieved in electronic, printed, or graphic form;

 iii. Computer stored and generated documents or data, including but not limited to, electronic mail (commonly referred to as "e-mail") and attachments, word processing documents, and spreadsheets;

 iv. Computer database information (including metadata) from document management programs or systems that track or control electronic documents described above.

2. "Beveled Edge" means Beveled Edge Insurance Company. "Beveled Edge" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

3. "Captive Insurance Program" means the program pursuant to which (1) Pan-American Reinsurance Company, Ltd. or Patriotic Reinsurance Company, Inc. issued insurance to Owensboro Dermatology Associates, P.S.C. and other insured parties, each of which had one or more related captive insurance companies; and (2) insurers ceded risk of said insurance to Beveled Edge Insurance Company, Cavallo Nero Insurance, Inc., Micro Cap KY Insurance Company, Inc. and/or the captive insurance companies related to the other insured parties. The Captive Insurance Program also includes transactions in which Beveled Edge Insurance Company, Cavallo Nero Insurance, Inc., and/or Micro Cap KY Insurance Company, Inc. issued insurance policies directly to Owensboro Dermatology Associates, P.S.C. and/or Dermatology Property Management, LLC.

4. "Cavallo Nero" means Cavallo Nero Insurance, Inc. "Cavallo Nero" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

5. "Clark" means Celia R. Clark, Law Offices of Celia R. Clark, P.L.L.C. and Clark and Gentry, P.L.L.C. "Clark" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

6. "Dermatology Property Management" means Dermatology Property Management, LLC. "Dermatology Property Management" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent,

attorney, or other representative.

7. "Micro Cap" means Micro Cap KY Insurance Company, Inc. "Micro Cap" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

8. "MIJS Captive Management" means MIJS Captive Management, LLC. "MIJS Captive Management" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

9. "Moore, Ingram, Johnson, and Steele" means Moore, Ingram, Johnson, and Steele, LLP. "Moore, Ingram, Johnson, and Steele" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

10. "Owensboro Dermatology Associates" means Owensboro Dermatology Associates, P.S.C. "Owensboro Dermatology Associates" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

11. "Patriotic Reinsurance Company" means Patriotic Reinsurance Company, Inc. "Patriotic Reinsurance Company" includes any current or former employee, officer, principal, director, shareholder, partner, member, consultant, manager, associate, staff employee, independent contractor, agent, attorney, or other representative.

**ATTACHMENT A**
**Summons Issued to Owensboro Dermatology Associates, P.S.C.**
**at 2821 New Hartford Road, Owensboro, Kentucky 42303**
**DOCEMENTS TO BE PRODUCED**

1) All agreements between Owensboro Dermatology Associates, P.S.C. and Moore, Ingram, Johnson, and Steele which relate to services provided with respect to Owensboro Dermatology Associates, P.S.C.'s involvement in the Captive Insurance Program, including, but not limited to engagement letters and contracts.

2) All documentation of payments Owensboro Dermatology Associates, P.S.C. made to Moore, Ingram, Johnson, and Steele in relation to Owensboro Dermatology Associates, P.S.C.'s involvement in the Captive Insurance Program.

3) All agreements between Owensboro Dermatology Associates, P.S.C. and MIJS

     Captive Management, including, but not limited to engagement letters and contracts.

4) All documentation reflecting payments Owensboro Dermatology Associates, P.S.C. made to MIJS Captive Management.

5) All documents that mention MIJS Captive Management, Beveled Edge, Cavallo Nero, Micro Cap, and/or Patriotic Reinsurance Company that Owensboro Dermatology Associates, P.S.C. was provided or otherwise obtained before Owensboro Dermatology Associates, P.S.C. began buying insurance from Cavallo Nero, Micro Cap, or Patriotic Reinsurance Company, including, but not limited to, program descriptions, circulars, brochures, handouts, advertisements, educational materials, marketing materials, sample contracts, sample policies, data or statistical compilations, graphs, and/or charts.

6) All documents related to or reflecting communications between or among Owensboro Dermatology Associates, P.S.C.'s employees, owners, principals, contractors, and/or advisors regarding whether to enter the Captive Insurance Program, whether to renew participation each year, and/or whether to purchase each insurance policy issued by Pan-American Reinsurance Company, Ltd., Beveled Edge, Cavallo Nero, Micro Cap, or Patriotic Reinsurance Company.

7) All documents related to or reflecting communications between Owensboro Dermatology Associates, P.S.C. and Moore, Ingram, Johnson, and Steele, MIJS Captive Management, Patriotic Reinsurance Company, Pan-American Reinsurance Company, Ltd., and/or Clark that preceded entering the Captive Insurance Program, including, but not limited to, memoranda and notes of meetings or telephone calls.

8) All documents related to or reflecting the communications between Owensboro Dermatology Associates, P.S.C. and Moore, Ingram, Johnson, and Steele, MIJS Captive Management, Patriotic Reinsurance Company, Pan-American Reinsurance Company, Ltd., and/or Clark that preceded Owensboro Dermatology Associates, P.S.C. renewing participation in the Captive Insurance Program in each year subsequent to 2008, including, but not limited to, memoranda and notes of meetings or telephone calls.

9) All documents exchanged between Owensboro Dermatology Associates, P.S.C. and Moore, Ingram, Johnson, and Steele, MIJS Captive Management, Patriotic Reinsurance Company, Pan American Reinsurance Company, Ltd., and/or Clark preceding Owensboro Dermatology Associates, P.S.C. entering the Captive Insurance Program or renewing participation in the program in each subsequent year, including, but not limited to, correspondence and emails, records, computations, spreadsheets, forms, illustrations, and draft or sample policies or contracts.

10) All documents related to William R. Johnson; Alexander T. Galloway, III; Douglas W. Butler; Johnathan Futrell; and/or Kevin Eroskey's negotiating,

reviewing, and/or evaluating Owensboro Dermatology Associates, P.S.C.'s insurance policies.

11) All documents related to the issuance and providing of the policies or contracts issued to Owensboro Dermatology Associates, P.S.C. by Pan-American Reinsurance Company, Ltd., Beveled Edge, Patriotic Reinsurance Company, Cavallo Nero, and/or Micro Cap, including, but not limited to, cover letters, correspondence, and emails.

12) All documents reflecting or related to the claims adjustment process for each claim Owensboro Dermatology Associates, P.S.C. submitted under the insurance policies or contracts issued to it by Pan-American Reinsurance Company, Ltd., Beveled Edge, Patriotic Reinsurance Company, Cavallo Nero, and/or Micro Cap, including, but not limited to, correspondence, documents exchanged during the claims adjustment process, notes and memoranda, analyses, settlement documents, and documents describing or outlining claims adjustment procedures.

13) All documents reflecting the advice Owensboro Dermatology Associates, P.S.C. relied upon in claiming deductions for premium payments under the Captive Insurance Program on its federal income tax returns for the taxable years 2012, 2013, and 2014.

14) All documents reflecting or related to oral or written communications between Owensboro Dermatology Associates, P.S.C. or an individual or entity acting on behalf of Owensboro Dermatology Associates, P.S.C., and the Internal Revenue Service, including, but not limited to, emails, memoranda and notes of meetings or telephone calls.

15) All documents reflecting or related to oral or written communications between Owensboro Dermatology Associates, P.S.C. and Moore, Ingram, Johnson, and Steele, MIJS Captive Management, Patriotic Reinsurance Company, Pan American Reinsurance Company, Beveled Edge, Cavallo Nero, and/or Micro Cap regarding an insurance claim and/or the potential filing of an insurance claim, including, but not limited to, emails, memoranda, and notes of meetings or telephone calls.

16) All documents reflecting or related to oral or written communications among the current or former employees, officers, principals, directors, shareholders, partners, members, consultants, managers, associates, staff employees, independent contractors, agents, attorneys, and/or other representatives of Owensboro Dermatology Associates, P.S.C. regarding an insurance claim or the potential filing of an insurance claim.

# Summons

In the matter of Owensboro Dermatology Associates, P.S.C., 2821 New Hartford Road, Owensboro, KY 42303

Internal Revenue Service (Division): Small Business / Self Employed

Industry/Area (name or number): Area: 207 SBC: 63000 FE 1701

Periods: tax years ending December 31, 2012, December 31, 2013, and December 31, 2014

## The Commissioner of Internal Revenue

To: Owensboro Dermatology Associates, P.S.C.

At: 2821 New Harford Road, Owensboro, Kentucky 42303

You are hereby summoned and required to appear before Thuy Luu, Internal Revenue Agent, Badge No. 1000445090 an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Please see Attachment A to Summons.

Note - under IRC Sec. 7609, this summons is exempt from the notice requirements pertaining to third party summonses.

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

9350 Flair Drive, El Monte, CA 91731 (626) 927-1269

**Place and time for appearance at** mail in lieu of appearance

IRS

on the 9th day of May, 2016 (year) at 9:00 o'clock a. m.

**Issued under authority of the Internal Revenue Code this** 25th **day of** April, 2016 (year).

Signature of issuing officer — Internal Revenue Agent (Title)

Signature of approving officer *(if applicable)* — Group Manager (Title)

Department of the Treasury
Internal Revenue Service

**www.irs.gov**

Form 2039 (Rev. 10-2010)
Catalog Number 21405J

**Original** — to be kept by IRS

# Service of Summons, Notice and Recordkeeper Certificates

(Pursuant to section 7603, Internal Revenue Code)

I certify that I served the summons shown on the front of this form on:

| Date | Time |
|---|---|
| 4-25-2016 | 1:53 pm PST |

**How Summons Was Served**

1. ☒ I certify that I handed a copy of the summons, which contained the attestation required by § 7603, to the person to whom it was directed. See Fax Agreement Fax # 770429-8631

2. ☐ I certify that I left a copy of the summons, which contained the attestation required by § 7603, at the last and usual place of abode of the person to whom it was directed. I left the copy with the following person (if any): ____________

3. ☐ I certify that I sent a copy of the summons, which contained the attestation required by § 7603, by certified or registered mail to the last known address of the person to whom it was directed, that person being a third-party recordkeeper within the meaning of § 7603(b). I sent the summons to the following address: Owensboro Dermatology Associates, P.S.C. 2821 New Harford Road, Owensboro, Kentucky 42303

| Signature | Title |
|---|---|
| [signature] | Internal Revenue Agent |

4. This certificate is made to show compliance with IRC Section 7609. This certificate does not apply to summonses served on any officer or employee of the person to whose liability the summons relates nor to summonses in aid of collection, to determine the identity of a person having a numbered account or similar arrangement, or to determine whether or not records of the business transactions or affairs of an identified person have been made or kept.

I certify that, within 3 days of serving the summons, I gave notice (Part D of Form 2039) to the person named below on the date and in the manner indicated.

Date of giving Notice: ____________ Time: ____________

Name of Noticee: ____________

Address of Noticee (if mailed): ____________

**How Notice Was Given**

☐ I gave notice by certified or registered mail to the last known address of the noticee.

☐ I left the notice at the last and usual place of abode of the noticee. I left the copy with the following person (if any).

☐ I gave notice by handing it to the noticee.

☐ In the absence of a last known address of the noticee, I left the notice with the person summoned.

☐ No notice is required.

| Signature | Title |
|---|---|
| | |

I certify that the period prescribed for beginning a proceeding to quash this summons has expired and that no such proceeding was instituted or that the noticee consents to the examination.

| Signature | Title |
|---|---|
| | |