# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>    **PETITIONER** )<br>v. )  **Civil Action No. 4:16-mc-00003-JHM**<br>)<br>**OWENSBORO DERMATOLOGY** )<br>**ASSOCIATES, P.S.C.** )<br>)<br>    **RESPONDENT** ) | |

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>    **PETITIONER** )<br>v. ) **Civil Action No. 4:16-mc-00004-JHM**<br>)<br>**DERMATOLOGY PROPERTY** )<br>**MANAGEMENT, LLC** )<br>)<br>    **RESPONDENT** ) | |

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>    **PETITIONER** )<br>v. ) **Civil Action No. 4:16-mc-00005-JHM**<br>)<br>**BEVELED EDGE INSURANCE** )<br>**COMPANY** )<br>)<br>    **RESPONDENT** ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on objections filed by the United States to the Magistrate's July 6, 2017 Memorandum Opinion and Order denying the United States' motion to compel disclosure of certain materials. (Opinion at DN 23 in all cases, objections at DN 25.) The Court ordered further briefing (DN 26), which was provided by the respondents. (DN 27.) Thus, the matter is ripe for decision. For the reasons stated below, the United States' objections are **OVERRULED**.

### I. BACKGROUND

The Magistrate's opinion fully sets out the relevant facts. (DN 23, at 2–7.) Briefly, Drs. Michael J. Crowe and Artis P. Truett are equal shareholders in respondent Owensboro Dermatology Associates, P.S.C. ("Owensboro Dermatology"), and they are equal partners in respondent Dermatology Property Management, LLC ("Dermatology Property"). In 2008, Crowe and Truett incorporated respondent Beveled Edge Insurance Company as a captive insurance company, providing property and casualty insurance policies to both Owensboro Dermatology and Dermatology Property. However, Beveled Edge was dissolved in 2011; in its place, Crowe and Truett formed their own individual captive insurance companies, Micro Cap KY Insurance Company, Inc. ("Micro Cap") by Crowe and Cavallo Nero Insurance, Inc. ("Cavallo Nero") by Truett.

In October 2014, the Internal Revenue Service began an audit of the respondents. The respondents provided documents to the IRS and complied with certain interview requests. However, in April 2016, the IRS issued a summons to the respondents, requesting several categories of documents. The respondents complied with the summons but withheld certain emails between agents of the respondents and attorneys at Moore Ingram Johnson & Steele, LLP ("MIJS"), as they claimed that these emails were protected by the attorney-client privilege. As a

result, the United States, on behalf of the IRS, filed the present petitions to enforce the summons in this Court on September 8, 2016.[1] The next day, Crowe, Truett, Owensboro Dermatology, Dermatology Property, Beveled Edge, Micro Cap, and Cavallo Nero all filed petitions in the United States Tax Court challenging the IRS's notice of deficiency that was sent on June 8, 2016. In those petitions, the respondents argue that they relied on the advice of counsel in preparing the income tax returns that were deemed deficient by the IRS. Based on this statement, the IRS argued before this Court that the respondents had waived the attorney-client privilege by placing the advice of counsel at issue in the Tax Court proceeding; thus, production of the documents should be compelled. However, the Magistrate rejected this argument in his Memorandum Opinion and Order, as Tax Court precedent indicated that the remedy the United States sought from this Court (production of the documents) does not necessarily follow when a litigant places the advice of counsel at issue before the Tax Court and waives the attorney-client privilege. Therefore, the Magistrate denied the United States' motion to compel production of the documents at issue. The United States objects to this conclusion of law.

## II. DISCUSSION

The Magistrate conducted an *in camera* review of the documents at issue and determined that they were protected by the attorney-client privilege. (DN 23, at 10–12.) The United States has not objected to this finding but rather the conclusion that the privilege was not waived; therefore, the Court will focus solely on that issue. The Magistrate relied largely on the Tax Court's opinion in *Ad Investment 2000 Fund LLC v. C.I.R.*, 142 T.C. 248 (2014), in concluding that disclosure of the privileged documents should not be compelled. In *Ad Investment*, the Tax

---

[1] The United States filed four petitions in this Court: against Owensboro Dermatology (4:16-mc-00003), Dermatology Property (4:16-mc-00004), Beveled Edge (4:16-mc-00005), and Crowe personally (4:16-mc-000006). Additionally, petitions were filed in the Eastern District of Kentucky against Micro Cap (5:16-cv-00278) and Cavallo Nero (5:16-cv-00279), as those entities share a business address with MIJS, who services the captive insurance companies through a subsidiary, in Lexington, Kentucky.

Court determined that the partnerships had waived the protections of the attorney-client privilege when they asserted as a defense that they reasonably believed that their tax treatment was proper, as that assertion placed the partnership's intent and belief at issue. However, the court went on to state the following:

> If petitioners persist in those defenses [that they reasonably believed the tax treatment to be proper], it would be unfair to deprive respondent of knowledge of the contents of the opinions and the opportunity to put those opinions into evidence. If petitioners persist, they sacrifice the privilege to withhold the contents of the opinions.

*Id.* at 258. Based on this passage, the Magistrate determined that it would be inappropriate for this Court to compel disclosure of the privileged documents, as the Tax Court speaks in conditional language: production should be compelled *if* the partnership continues to assert its defense that it reasonably believed the treatment was proper. If production was compelled, this Court would be encroaching upon the territory of the Tax Court to decide at what juncture disclosure should be compelled, if at all. *See id.* at 258–59 (noting that sanction would likely be exclusion of the evidence in support of their defense, rather than compelling disclosure). This is the same conclusion reached by the District Court for the Eastern District of Kentucky when it decided the identical issue in regards to substantially identical communications involving MIJS and the two captive insurance companies located in that district, Micro Cap and Cavallo Nero. *United States v. Micro Cap KY Ins. Co., Inc.*, --- F. Supp. 3d ---, 2017 WL 1132904, at *3 (E.D. Ky. Mar. 17, 2017) ("[T]he assertion of the 'reasonable cause' defense in a pleading does not lead to the automatic disclosure of privileged documents") (citing *Ad Investment*).

The Court agrees with the Magistrate's interpretation of *Ad Investment*. Even though the Tax Court found that the privilege had been waived and ordered the partnership to produce the documents at issue, the court "simultaneously indicated that the petitioners could still protect

4

their documents from disclosure by abandoning their 'reasonable cause' defense." *Id.* at *3 (citing *Ad Investment*). There has been no representation made to this Court as to whether the respondents continue to pursue this defense in the Tax Court case, whether the Commissioner of the IRS has pursued disclosure of the documents in that case, or whether the Tax Court has ordered their disclosure. Based on *Ad Investment*, it would be improvident for this Court to order the disclosure of the documents without this information, as the motion to compel production is based upon the United States' assertions on how the Tax Court will interpret the respondent's filings in that court, assertions which are not necessarily supported by the Tax Court's opinion in *Ad Investment*. *See id.* at *3 ("[T]he United States essentially asks this Court to order the disclosure of privileged material based on what it believes *will* happen in another forum . . . this Court hesitates to rely too heavily on the United States' predictions"). The Court agrees with the Magistrate and the opinion of Judge Hood in the Eastern District, as it is premature for this Court to compel disclosure of the privileged documents without a finding by the Tax Court that disclosure would be the necessary sanction for the failure to comply with the summons.

The United States argues that "[a] party waives the attorney-client privilege by putting the substance of transactions which are the subject of an attorney-client communication at issue in a court proceeding." (DN 25, at 7.) The only proceeding where the respondents have arguably put such communications at issue is the litigation before the Tax Court; thus, the arguments by the United States are best presented to that court, which possesses the power to compel disclosure if it determines that the privilege has been waived and disclosure is the necessary remedy. *See Ad Investment*, 142 T.C. at 258–59. Therefore, the objections by the United States will be overruled.

## III. CONCLUSION

Therefore, for the reasons stated above, the United States' objections to the Magistrate's Memorandum Opinion and Order are **OVERRULED**.

cc: counsel of record